[941 NYS2d 222]

In the Matter of NICHOLAS A. PELLEGRINI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 3, 2012

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Law Office of Robert A. Ungar, P.C.*, Garden City (*Louis Gerstman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated March 25, 2010, containing seven charges of professional misconduct. After a preliminary hearing on July 20, 2010, and a hearing on September 1, 2010, the Special Referee issued a report, which sustained all the charges. The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to confirm in part, and to disaffirm in part, the report of the Special Referee. While the respondent admits to the factual allegations in the petition, he contends that he did not commit any professional misconduct. In an affidavit sworn to on May 5, 2011, the respondent asks the Court to show leniency when imposing discipline given the mitigating evidence, including his personal and family circumstances.

All seven charges of the petition are based on the following common set of factual allegations:

1. From in or about May 2005 through June 2005, the respondent represented Agustin Mercado, the purchaser, in buying certain real property in Woodhaven from Paula M. Racacha, the seller.

2. The parties entered into a contract of sale that reflected a purchase price of $560,000.

3. The contract was later amended to reflect a purchase price of $607,000.

4. CitiMortgage, Inc., the lender, agreed to give a mortgage loan to the purchaser based on the purchase price of $607,000.

5. The purchaser was also the borrower in the transaction (hereinafter the purchaser/borrower).

6. The closing took place on June 21, 2005.

7. The respondent also represented the lender at the closing.

8. The respondent had fiduciary duties to both the purchaser/borrower and the lender.

9. At or before the closing, the respondent received closing instructions from the lender.

10. The respondent's fiduciary duty to the lender included disbursing the mortgage funds in accordance with the lender's instructions.

11. Those closing instructions stated, inter alia, that the seller's contribution (hereinafter the seller's concession) was not to exceed the lesser of the purchaser's actual closing costs or 3% of the purchase price.

12. At the closing, the respondent created, or caused to be created, a real estate settlement statement referred to as the U.S. Department of Housing and Urban Development Uniform Settlement Statement (hereinafter HUD-1), that falsely stated that the amount of the seller's concession was 3% of the purchase price, or the sum of $18,210, and that the seller had received the sum of $27,348.49 from the purchaser/borrower at the closing.

13. At the closing, the respondent knew that the purchaser/borrower had actually received a seller's concession in the sum of $47,000, and the seller had not received the sum of $27,348.49 from the purchaser/borrower.

14. The respondent did not disburse the mortgage funds in accordance with the false HUD-1 or the lender's instructions.

15. The respondent provided a copy of the false HUD-1 to the lender.

16. The respondent never advised the lender that the HUD-1 contained false information or that he did not disburse the mortgage funds in accordance with the lender's instructions.

17. In fact, the respondent intentionally concealed the amount of the true seller's concession from the lender, and he provided it with the false HUD-1, in order to induce it to fund the purchaser/borrower's mortgage loan.

18. At the closing, the respondent directed the purchaser/borrower to certify that the aforementioned HUD-1 Settlement Statement was "a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction."

19. At or around the time of closing, the respondent certified on the HUD-1 that "[t]he HUD-1 Settlement Statement which

I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement."

20. When the respondent signed the HUD-1 and directed the purchaser/borrower to sign it, he knew that it contained information that was false and misleading.

21. When the respondent signed the false HUD-1 and directed the purchaser/borrower to sign it, he knew that it contained a warning that "it is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment."

Charge one alleges that the respondent engaged in conduct involving fraud, deceit, dishonesty, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based on factual allegations numbered 1 though 21.

Charge two alleges that the respondent engaged in a conflict of interest in representing clients in a transaction with differing interests, in violation of Code of Professional Responsibility DR 5-105 (b) (22 NYCRR 1200.24 [b]), based on factual allegations numbered 1 though 17.

Charge three alleges that the respondent's professional judgment was adversely affected in a transaction by his own interests, in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]), based on factual allegations numbered 1 though 17.

Charge four alleges that the respondent knowingly made a false statement of fact to a third party in the course of representing a client, in violation of Code of Professional Responsibility DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5]), based on factual allegations numbered 1 through 21.

Charge five alleges that the respondent assisted a client in conduct that he knew was illegal or fraudulent, in violation of Code of Professional Responsibility DR 7-102 (a) (7) (22 NYCRR 1200.33 [a] [7]), based on factual allegations numbered 1 through 21.

Charge six alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on factual allegations numbered 1 through 21.

Charge seven alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of

Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on factual allegations numbered 1 through 21.

In view of the evidence adduced, and the respondent's admissions, the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted, and the respondent's cross motion is granted to the extent it seeks to confirm the report, and denied to the extent it seeks to disaffirm the report.

The Grievance Committee advises that from 2002 to 2009, the respondent was issued five letters of caution. Notably, in a letter dated March 20, 2002, the respondent was cautioned, inter alia, to be mindful of the rules governing conflicts of interest before engaging in simultaneous representation of potentially conflicting interests.

In mitigation, the respondent asks the Court to consider the fact the he cooperated with the investigation, he did not act with venality, and no party to the transaction was ultimately injured. The respondent's position is that since no one was harmed, no wrong was committed. In seeking leniency, the respondent asks the Court to bear in mind that he is his family's sole provider.

Notwithstanding the aforementioned mitigating factors, the evidence revealed that the respondent intentionally failed to disclose to the lender that the actual seller's concession was $47,000, and, instead, certified that the actual concession was $18,210, because he knew that the lender would not approve the loan with the higher amount. The respondent admitted that he intentionally concealed the true amount of the seller's concession from the lender, and provided the lender with a false HUD-1, in order to induce it to fund the mortgage loan. In view of the respondent's deceit, lack of remorse, dual representation of the borrower and lender in a single transaction, and his prior disciplinary history, a two-year suspension from the practice of law is warranted.

MASTRO, A.P.J., RIVERA, DILLON, ANGIOLILLO and HALL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted, the respondent's cross motion is granted to the extent it seeks to confirm the report, and the respondent's cross motion is denied to the extent it seeks to disaffirm the report; and it is further,

Ordered that the respondent, Nicholas A. Pellegrini, is suspended from the practice of law for a period of two years, commencing May 3, 2012, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 3, 2013. In such application, the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Nicholas A. Pellegrini, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Nicholas A. Pellegrini, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Nicholas A. Pellegrini, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).