Matter of Pellegrini (2019 NY Slip Op 04173)





Matter of Pellegrini


2019 NY Slip Op 04173


Decided on May 29, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2016-00374

[*1]In the Matter of Nicholas A. Pellegrini, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Nicholas A. Pellegrini, respondent. (Attorney Registration No. 2243962)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 22, 1989. By opinion and order dated April 3, 2012, this Court suspended the respondent from the practice of law for a period of two years, commencing May 3, 2012, in a prior disciplinary proceeding under Appellate Division Docket No. 2010-03357 (Matter of Pellegrini, 95 AD3d 179). The respondent remained suspended, as he never applied for reinstatement to the Bar. By decision and order on motion of this Court dated March 31, 2016, inter alia, the respondent's suspension was continued based on his conviction of a serious crime. On August 30, 2018, the respondent was sentenced by the United States District Court for the Eastern District of New York. By order to show cause dated October 18, 2018, the respondent was directed to show cause why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime.



Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On October 2, 2015, before United States Magistrate, the Honorable Steven I. Locke, in the United States District Court for the Eastern District of New York, the respondent was convicted, upon a plea of guilty, to the offense of conspiracy to commit bank fraud, in violation of 18 USC §§ 1349 and 3551 et seq., a federal felony. A superseding indictment charged that, between on or about June 2011 and April 2012, the respondent, together with others, knowingly and intentionally executed and attempted to execute a scheme and artifice to defraud Bank of America and to obtain money and funds under the custody and control of Bank of America, by means of materially false and fraudulent pretenses, representations and promises, by inducing Bank of America to agree to a short sale of real property and concealing the fact that there was a ready and willing buyer who would obviate the need of a short sale.
At his plea, the respondent allocuted to the following:
 In the fall of 2011 in Nassau County, New York I agreed with Joseph Atias and others to participate in a fraudulent short sale involving the sale of residential property located at 83 Cathedral Avenue, Hempstead, New York. I assisted in obtaining Bank of America's agreement to approve a short sale in the amount of $480,000 without disclosing to Bank of America the material fact that Sacred Heart School had offered $925,000 for the property and that the Atias' [sic] intended to sell [*2]the property to Sacred Heart once the short sale had closed.'
On August 30, 2018, Senior United States District Judge Denis R. Hurley, United States District Court for the Eastern District of New York, sentenced the respondent to time served, a three-year period of supervised release, and a one-year period of home confinement. In addition, he was directed to pay restitution in the amount of $539,868.67, and a special assessment fee of $100. As reflected in the judgment in the criminal case, a $100,000 forfeiture ordered on October 13, 2014, was paid. A special condition of the respondent's supervised release required that he shall not engage in employment which involves work as an attorney, and that he shall surrender his license to practice law.
By order to show cause dated October 18, 2018, this Court directed the respondent to show cause why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime. On October 30, 2018, the Grievance Committee for the Tenth Judicial District served the respondent with a copy of the order to show cause, pursuant to CPLR 2103(c), as directed by the order to show cause, at the respondent's home address and at his business address listed with the Office of Court Administration (hereinafter OCA). Both mailings were returned as not deliverable and marked "unable to forward."
Although required to re-register with OCA pursuant to 22 NYCRR 118.1 and provide OCA with a current address, the respondent failed to do so and is delinquent for three biennial periods (2013-2014, 2015-2016, and 2017-2018).
It should be noted that, in addition to the two-year suspension imposed by this Court in 2012, the respondent has prior disciplinary history of five Letters of Caution.
In view of the respondent's suspension from the practice of law as of May 3, 2012, for fraudulent and deceitful conduct, his conviction of a serious crime, his failure to respond to the order to show cause, his prior disciplinary history, and the condition of his sentence requiring him to surrender his license to practice law, we conclude that disbarment is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Nicholas A. Pellegrini, is disbarred, effective immediately, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Nicholas A. Pellegrini, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Nicholas A. Pellegrini, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Nicholas A. Pellegrini, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court